United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MADELINE STEIGERWALD, INDIVIDUALLY AND AS NEXT FRIEND OF M.S., | § § § § | |
| Plaintiffs. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:19–CV–00394 |
| WAL-MART STORES TEXAS, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Wal-Mart Stores Texas, LLC ("Walmart") has filed a Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss"). *See* Dkt. 10. Plaintiffs oppose that motion and have filed an Alternative Motion for Leave to Amend Pleading ("Motion for Leave to Amend"). *See* Dkt. 31. The Motion for Leave to Amend asks me to allow Plaintiffs to replead in the event I find Plaintiffs' Original Petition and Request for Disclosure ("Original Petition") to be factually or legally insufficient. After carefully reviewing both motions, the Original Petition, the responsive briefing, and the applicable law, I **RECOMMEND** that the Motion to Dismiss be **GRANTED** and the Motion for Leave to Amend be **DENIED**.

## BACKGROUND

Madeline Steigerwald ("Steigerwald"), individually and as next friend of M.S. (collectively, "Plaintiffs"), originally filed this lawsuit against Walmart in state court in

Brazoria County, Texas. The totality of the factual allegations set forth in the Original Petition are as follows:

> On or about November 10, 2017, Plaintiffs were inside Walmart Store #3572 located at 10505 Broadway St, Pearland, TX 77584. While inside the store, [Steigerwald] was assaulted by an employee of Defendant in the course and scope of his employment. [Steigerwald] was also subject to the criminal activity of Defendant's employee, in that Defendant employee took photographs of [Steigerwald] which were lewd and invasive. Plaintiff, Minor M.S. was present with [Steigerwald] at the time of the incident. As a result, Plaintiffs suffered injuries. The medical treatment sought by Plaintiffs was reasonably [sic] and necessary for the injuries sustained.

Dkt. 1-2 at 5. Based on these factual allegations, the Original Complaint asserts causes of action against Walmart for premises liability, *respondeat superior*, negligent hiring, negligent infliction of emotional distress, and bystander liability.

Walmart timely removed this lawsuit to federal court on the basis of diversity jurisdiction. Walmart's counsel then reached out to Plaintiffs' counsel to discuss the basis for a Rule 12(b)(6) motion that Walmart intended to file. During that conversation, Plaintiffs' counsel agreed to dismiss the claims for premises liability, *respondeat superior*, and negligent infliction of emotional distress. Plaintiffs' counsel did not agree to dismiss the claims for negligent hiring and bystander liability. Importantly, Plaintiffs' counsel expressly declined the opportunity to replead or assert new claims.

Thankfully, there is no dispute as to what the parties agreed to during their phone conversation. That is because after the call Walmart's counsel summarized both parties' positions in writing, sent a copy to Plaintiffs' counsel, and invited Plaintiffs' counsel to correct the document to accurately reflect the conversation. Plaintiffs' counsel reviewed the written summary, signed and dated the document, and returned it to Walmart's

counsel along with a signed Agreed Partial Stipulation of Dismissal with Prejudice.[1] In her email attaching the stipulation and partial dismissal papers, Plaintiffs' counsel stated: "Everything outlined in the documents is accurate and agreeable." Dkt. 12-2 at 9. The document executed by both sides clearly and unequivocally sets forth Plaintiffs' agreement with respect to the two claims Plaintiffs refused to voluntarily dismiss—negligent hiring and bystander liability.

> [With regard to the negligent hiring claim,] Plaintiffs' Original Petition (Doc. 1-2) alleges sufficient facts to state a claim upon which relief could be granted for negligent hiring against Walmart and survive a 12(b)(6) challenge, **such that Plaintiffs are not agreeable to dismissing that claim or re-pleading**.
>
> Similarly, regarding [the bystander liability claim] . . . Plaintiff's position is that because Plaintiffs believe the Original Petition (Doc. 1-2) has sufficiently pleaded a claim for negligent hiring, the bystander claim field on behalf of M.S. also survives as a matter of law, **such that Plaintiffs are not agreeable to dismissing that claim or re-pleading**.

Dkt. 8-1 at 2 (emphases added).

Shortly after the parties talked and Plaintiffs declined the opportunity to file an amended complaint, Walmart sought permission from the Court to file a motion to dismiss Plaintiffs' negligent hiring and bystander liability claims.[2] Because Plaintiffs had

---

[1] The Agreed Partial Stipulation of Dismissal with Prejudice was filed on December 26, 2019. *See* Dkt. 7.

[2] Under Local Court Procedure 6(B)(i), parties must participate in a pre-motion conference before filing a Rule 12(b)(6) motion. The entire purpose of the pre-motion conference is to give the parties an opportunity to discuss possible deficiencies in the pleadings and allow the Plaintiff the opportunity to re-plead, if necessary. That is exactly what happened here. The parties got together and had a worthwhile discussion about the anticipated motion to dismiss. As a result of that meeting, the Plaintiffs agreed to voluntarily dismiss certain claims. Plaintiffs also expressly declined the opportunity to amend the lawsuit.

expressly renounced their right to file an amended complaint, United States District Judge Jeffrey V. Brown permitted Walmart to go ahead and file its Motion to Dismiss.

Shortly after Walmart filed the Motion to Dismiss, Plaintiffs tried to amend their complaint to include additional factual allegations. Because Plaintiffs failed to follow the Court's procedures and request a pre-motion conference before filing the amended pleading, Judge Brown struck the amended lawsuit. Plaintiffs then properly requested the opportunity to file an amended complaint. That request was referred to me, and I held an oral hearing and reviewed written submissions by both parties. Because I firmly believed (and still believe) that Plaintiffs should be required to honor the written agreement they made with Walmart not to amend the lawsuit, I refused to permit Plaintiffs to file an amended complaint. Plaintiffs did not object to my ruling.

Plaintiffs have now filed a response to the Motion to Dismiss. In that response, they argue that the allegations in the live pleading are sufficient to survive dismissal at this early stage of the litigation. In the alternative, Plaintiffs request that I allow them to amend their lawsuit, largely repeating the arguments that I previously considered and rejected.

## RULE 12(b)(6) MOTION TO DISMISS

**A.    THE LEGAL STANDARD**

To survive dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this facial plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are "merely consistent with" liability "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, brackets, and citation omitted). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Cuviller v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and citation omitted).

**B.    THE ANALYSIS**

    **1.    The Negligent Hiring Claim**

To establish a claim for negligent hiring, "a plaintiff must prove the following elements: (1) a duty to hire . . . competent employees; (2) an employer's breach of the duty; and (3) the employer's breach of the duty proximately caused the damages sued for." *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo 2010, pet. denied). Walmart argues that Steigerwald's negligent hiring claim must be dismissed because she has failed to allege facts sufficient to establish the first and second elements. I agree and will address each element in turn.

> *(a)* *Plaintiffs Failed to Allege Facts Sufficient to Establish a Legal Duty (Element One)*

As a general rule, there is "no legal duty to protect another from the criminal acts of a third person." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998) (quotation marks and citation omitted). Accordingly, an employer does not have a universal obligation—a/k/a a legal duty—to inquire into a prospective employee's background each time the employer seeks to hire someone. "Although the [Texas S]upreme [C]ourt has yet to set out what duty an employer has in negligent hiring or supervision claims, it has indicated that to recover on these theories, a plaintiff must show more than just negligent hiring practices." *Davis-Lynch, Inc. v. Asgard Techs., LLC*, 472 S.W.3d 50, 64 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2002)). A defendant has "no duty to check the criminal histories of its employees unless it was directly related to the duties of the job at hand." *Wise v. Complete Staffing Servs., Inc.*, 56 S.W.3d 900, 903 (Tex. App.—Texarkana 2001, no pet.). *See also Wansey*, 379 S.W.3d at 247 (A plaintiff must show she "suffer[ed] some damages from the foreseeable misconduct of an employee" who was hired, supervised, or retained pursuant to the employer's negligent practices.); *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 810–11 (Tex. App.—Austin 1997, no writ) (holding that an employer does not have a duty to conduct criminal background checks to uncover criminal history that is unrelated to the employee's prospective occupational duties).

The Texarkana Court of Appeals' opinion in *Wise* is enlightening. In that case, Wise, an employee at Mrs. Baird's Bakery, sued a staffing company after he was

assaulted by a temporary worker employed by the staffing company and placed at Mrs. Baird's Bakery as an unskilled laborer. *See Wise*, 56 S.W.3d at 901. Wise alleged that the staffing company was negligent and grossly negligent in employing the temporary worker because it did not sufficiently investigate his criminal background. *See id.* In considering whether the staffing company had a legal duty to investigate the temporary worker's background, the appellate court noted:

> [T]he general negligent hiring rule . . . is aimed, not at avoiding a general propensity for bad acts, but to protect the public and fellow employees from workers who are unsafe or dangerous on the job. The incompetency must, in some manner, be job-related. [The temporary worker] did not injure Wise as a result of his incompetence or unfitness for the job, but by an intervening criminal act. Under this analysis, Mrs. Baird's had no duty to check the criminal histories of its employees unless it was directly related to the duties of the job at hand. Thus, Staffing also had no such duty.

*Id.* at 903 (citations omitted).

Here, Plaintiffs' factual allegations are, to say the very least, sparse. There are no facts providing the name of the Walmart employee who allegedly committed the criminal act, no facts identifying the employee's job title or responsibilities, and no facts indicating why Walmart would owe a legal duty to Plaintiffs to conduct any sort of criminal background check of the unnamed employee prior to the employee's hiring. Moreover, there is nothing alleged that remotely suggests that taking unsolicited photographs of customers was *directly related* to the duties the unidentified Walmart employee performed at the retail giant. Without any of these facts, Plaintiffs' allegation that Walmart violated its duty is simply a "threadbare recital[] of a cause of action's

elements, supported by mere conclusory statements" and lacking any factual foundation. *Iqbal*, 556 U.S. at 678. This is nowhere close to passing muster under Rule 12(b)(6).

### (b) *Plaintiffs Failed to Allege Facts Sufficient to Establish a Breach of Duty (Element Two)*

Plaintiffs have also pled no facts regarding how Walmart allegedly breached a duty in hiring the unidentified employee. This failure is critical because the mere fact that an employee engaged in improper conduct does not create a presumption that the employer breached a duty in hiring that employee. *See King v. Assocs. Commercial Corp.*, 744 S.W.2d 209, 214 (Tex. App.—Texarkana 1987, writ denied). In the context of a negligent hiring claim, an employer breaches a legal duty only if it hires an employee after it knew or should have known information that would cause a reasonable employer not to hire the employee or that would put an employer on notice that hiring the employee would create a risk of harm to the public in the performance of the employee's occupational duties. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010). To meet this burden, a plaintiff must identify something that would have been found in the prospective employee's background check at the time of hiring that would have stopped a reasonable employer from hiring the employee. *See id.*; *Fifth Club v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

Plaintiffs allege that Walmart breached its duty "by not properly checking the background of [its] employee." Dkt. 1-2 at 8. This is nothing more than a conclusory assertion devoid of any factual support. Plaintiffs allege no facts about what, if anything,

was present in this employee's background that should have disqualified him from employment at Walmart. The lawsuit is similarly silent as to when this non-pled information occurred, how Walmart could have discovered the information, or when Walmart hired the employee. Without pleading any of these facts, Steigerwald failed to state a viable claim that Walmart breached any duty to her.

*** 

Plaintiffs' Original Petition is a textbook example of a pleading that simply recites the elements of a cause of action and then conclusively alleges a violation. As a result, I cannot find that Steigerwald stated a negligent hiring claim that is plausible on its face. The negligent hiring claim should be dismissed.

### 2. The Bystander Claim

The second claim that Plaintiffs assert is for M.S. to recover under a bystander liability theory. However, this claim also fails because it is black letter law that if the primary victim's recovery is barred, a bystander is not entitled to recovery. *See Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 144 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("Although bystander claims are considered independent and not derivative, it is also true that the bystander plaintiff cannot recover unless the injured person can recover."); *Estate of Barrera v. Rosamond Vill. L.P.*, 983 S.W.2d 795, 799–800 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that the bystander claim failed due to a jury finding that the primary victim was 70 percent negligent). Because

Steigerwald—the primary victim—is not able to recover on her negligent hiring cause of action, M.S.'s bystander claim must also fail.[3]

## MOTION FOR LEAVE TO AMEND

**A.   THE LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). The obvious effect of this rule is that a plaintiff is given one "free shot," if they so wish, to file an amended pleading in response to a Rule 12(b)(6) motion. As the Fifth Circuit has recognized: "[D]istrict courts often afford plaintiffs *at least one opportunity* to cure pleading deficiencies before dismissing a case, *unless* it is clear that the defects are incurable or *the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.*" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (emphases added).

---

[3] Even if Plaintiffs did state a viable negligent hiring claim, M.S.'s bystander claim would still fail because the Original Petition does not contain any factual allegations that M.S. suffered shock as a result of a direct emotional impact from a sensory and contemporaneous observance of the incident. *See United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 542 (Tex. 1998) (holding that a bystander must suffer shock resulting from a sensory and contemporaneous observation of the incident, as opposed to learning about it from others after it occurred); *Boyles v. Kerr*, 855 S.W.2d 593, 598 (Tex. 1993) (same).

B.     THE ANALYSIS

As an initial matter, let me be clear: there is no question in my mind or in the eyes of the law that a plaintiff should be given the opportunity to amend his complaint before the case is dismissed under Rule 12(b)(6) for failure to state a claim. In this case, the Plaintiffs were given that opportunity. They had a chance to file an amended complaint, but expressly took the position in writing that they did not want to replead. As Walmart correctly observes: "Plaintiffs absolutely had the right to make that decision, and they have to live with the consequences of that choice." Dkt. 34 at 10.

The term "stipulation" refers to agreements made by the litigants or their attorneys in judicial proceedings. The document in which Plaintiffs expressly agreed not to replead is a stipulation, as it is a writing signed by attorneys for both Plaintiffs and Walmart. Not surprisingly, stipulations of parties are generally enforceable as a matter of law. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("Stipulations must be binding.") (collecting authorities); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 985 (5th Cir. 1989); *Brown & Root, Inc. v. Peisander*, 648 F.2d 415, 419 (5th Cir. 1981). To allow one side in a case to renege on a stipulation is fundamentally unfair to those parties who relied on the stipulation. *See* ROBERT MUNSCH ET AL., A PROMISE IS A PROMISE (1992) ("A promise is a promise."); Alexander Hamilton, *From Alexander Hamilton to Philip A. Hamilton, 5 December 1791*, https://founders.archives.gov/documents/Hamilton/01-09-02-0419 ("A promise may never be broken."); Shelby Skrhak, *Zig Zigler's Success Habits: Your Journey to the Top*, https://www.success.com/zig-ziglars-success-habits-your-journey-to-the-top/ ("When you

11

make a promise, keep it."). It also sets a bad precedent and has profound consequences for future cases, as almost every case involves a stipulation of some sort.

As a legal matter, Plaintiffs' written stipulation not to replead is enforceable under the principles of judicial estoppel and judicial admission. The doctrine of judicial estoppel provides that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Zedner v. United States*, 547 U.S. 489, 504 (2006) (quotations marks and citation omitted). *See also Rolwing v. Nestle Holdings, Inc.,* 666 F.3d 1069, 1072 (8th Cir. 2012) ("[W]e conclude that the stipulations are independently enforceable under the doctrine of judicial estoppel."). A judicial admission is a "formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). *See also Degeyter v. Allstate Ins. Co.*, No. 09-1582, 2009 WL 3335959, at *2 (W.D. La. Oct. 15, 2009) ("A stipulation has the effect of a judicial admission or confession which binds all parties and the court.").

To recap, I previously determined that Plaintiffs had been provided the opportunity to replead and expressly agreed, in writing, that they did not want to replead their case. I see no reason to reconsider that decision. Because Plaintiffs advised the district court, through the written stipulation, that they were "unwilling . . . to amend," they should not be permitted to switch positions now and seek leave to amend. *Great Plains Trust Co.*, 313 F.3d at 329.

## CONCLUSION

Because Plaintiffs have failed to state a claim under the *Twombly/Iqbal* rubric, I **RECOMMEND** that Defendant's 12(b)(6) Motion to Dismiss (Dkt. 10) be **GRANTED** and all of Plaintiffs' claims be **DISMISSED** with prejudice. I also **RECOMMEND** that Plaintiffs' Alternative Motion for Leave to Amend Pleading (Dkt. 31) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Galveston, Texas, this 31st day of March, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE